## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ERIC MISCH, | ) | Case No. 3:22-cv-1738 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Darrell A. Clay |
| | ) | |
| ANNETTE CHAMBERS-SMITH, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Eric Misch, a parolee, filed a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254.  In his petition, Petitioner asserts two grounds for the issuance of a writ:  (1) a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and (2) actual innocence.  (ECF No. 1, PageID #48 & #57.)  Then, Petitioner filed a motion to stay and to hold this proceeding in abeyance to allow him to exhaust his remedies in State court.  (ECF No. 4.)  Respondent opposes this request and asks the Court to dismiss the *Brady* claim without prejudice and the actual innocence claim as not cognizable in habeas.  (ECF No. 8.)

## FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 1994, a jury convicted Petitioner Eric Misch of one count of aggravated murder and one count of aggravated robbery for the 1992 murder of Vernon Huggins in Toledo.  (ECF No. 1, PageID #2–3 & #24.)  The State trial court sentenced Mr. Misch to 20 years to life on the murder charge and 10 to 25 years on

the robbery charge. (*Id.*, PageID #2.) In April 2020, Mr. Misch was paroled and released from prison. (*Id.*, PageID #22.)

In 2019, through counsel, Mr. Misch filed a motion for leave to file a motion for a new trial and an application for post-conviction DNA testing in State court. (*Id.*, PageID #4 & #24.) After the State court granted his application for DNA testing and he received the results, in 2022 Mr. Misch amended his motion for leave to file a motion for a new trial. (*Id.*) Also, he filed a petition for post-conviction relief under Section 2953.21 of the Ohio Revised Code. (*Id.*, PageID #5.) Both of those proceedings remain pending in State court. Both involve the same grounds for relief Petitioner asserts in this habeas proceeding. (*See* ECF No. 4, PageID #239.) Consequently, the petition contains only unexhausted claims.

## ANALYSIS

Exhausting State claims before proceeding to federal habeas review requires complete exhaustion. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Formerly, failure to exhaust required dismissal of a habeas petition to afford the petitioner the opportunity to exhaust all claims in State court before seeking federal habeas relief. *Id.* But the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 created a problem with this procedure. The Act contains a one-year statute of limitations, see 28 U.S.C. § 2244(d)(1), which creates some obvious dilemmas for petitioners seeking habeas relief while continuing to pursue remedies in State court. As a result, the Supreme Court has recognized that district courts have discretion to

stay consideration of a habeas petition and hold it in abeyance pending exhaustion of claims in State court. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

The Antiterrorism and Effective Death Penalty Act did not divest district courts of the power to stay a habeas case. *Id.* at 276. In deciding *Rhines*, the Supreme Court recognized that district courts typically have broad discretion to issue stays, and the AEDPA merely circumscribes that discretion to stays that are compatible with the statute's purposes. *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Consistent with AEDPA's purposes, the Supreme Court admonishes that district courts should stay and abey a petition "only in limited circumstances." *Id.* at 277. A district court would abuse its discretion by staying and abeying an action where the unexhausted claims "are plainly meritless." *Id.* Moreover, the procedure is only available where the district court determines good cause excuses the failure to exhaust. *Id.* Nor should a stay issue where a petitioner engages in abusive litigation tactics or intentional delay. *Id.* at 278. Under the law of this Circuit, a claim with at least a colorable basis is not plainly meritless. *See Hickey v. Hoffner*, 701 F. App'x 422, 426 (6th Cir. 2017).

## I.

Here, good cause supports staying adjudication of the petition and holding it in abeyance to allow Petitioner to exhaust his claims in State court. First, Mr. Misch's petition demonstrates that he has not engaged in abusive or dilatory litigation tactics. In September 2021, Petitioner's counsel met with the State Bureau of Criminal Investigation and the prosecutor's office involved in Petitioner's conviction. (ECF No. 1, PageID #35.) During that meeting, the BCI representative referenced police

records in the Bureau's possession that the State had not previously provided to Petitioner or his counsel. (*Id.*) When Petitioner's counsel inspected those records in October 2021, Petitioner discovered investigative notes and interviews implicating other suspects in Huggins' murder. (*Id.*, PageID #35–46.) Further, when BCI completed the court-ordered DNA testing in April 2022, the results implicated another individual in the murder. (*Id.*, PageID #46–47.) Out of an abundance of caution, then, Petitioner filed his application for a writ of habeas corpus within one year of learning the potential grounds for the claims he asserts. This record shows reasonable diligence, at least for purposes of analyzing whether to stay these proceedings.

Also, this record provides good cause for a stay. A protective petition to investigate and exhaust potential new claims, of which Petitioner was previously unaware and which he was unable to discover earlier through the exercise of reasonable diligence, represents good lawyering, not an abusive litigation tactic. Applying procedural defenses and time bars that might come into play in the adjudication of a habeas petition can become quite complex. In that respect, the record demonstrates that Petitioner seeks to avoid or sidestep those issues to the extent possible.

Finally, Mr. Misch's petition containing only unexhausted claims is potentially meritorious—or at least not plainly meritless on its face. If true, his claims might present grounds supporting a violation of his federal constitutional rights. At this stage of the proceedings, the Court has no view on that question one way or the other.

But the record as Petitioner presents it does not fall into the category of petitions so patently lacking merit that a stay does little more than postpone the inevitable.

For all these reasons, the Court finds that good cause supports a stay.  *See Rhines*, 544 U.S. at 278 (recognizing that a stay is appropriate where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

## II.

Respondent argues that the stay-and-abey procedure applies only to mixed petitions presenting both exhausted and unexhausted claims.  (ECF No. 8, PageID #262.)  Further, she maintains that dismissal without prejudice with equitable tolling conditioned on a prompt return to federal court upon exhaustion will achieve the ends that Petitioner seeks by filing his protective petition.  (*Id.*, PageID #263.)

Although *Rhines* specifically addressed a mixed petition, at a high level the case confirms that a district court retains the discretion to manage its docket, including through the issuance of a stay, following enactment of the AEDPA. Further, the Supreme Court subsequently held open the possibility of staying a petition presenting only unexhausted claims.  To avoid litigating postconviction relief in State court for years only to discover a time bar in federal court, the Supreme Court suggested that a petitioner "might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

5

Following *Pace*, the Sixth Circuit has implicitly accepted that a district court may stay and abey a petition containing only unexhausted claims. In *Hickey*, 701 F. App'x at 426–27, the court remanded a petition containing only an unexhausted claim of ineffective assistance of trial counsel with instructions for the district court to stay the petition if the petitioner showed that he satisfied *Rhines*. In doing so, the Sixth Circuit acknowledged that "other circuits have found [the stay-and-abey procedure] appropriate for petitions containing solely unexhausted claims." *Id.* at 427 n.5 (citing *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016)). Similarly, in *Robinson v. Horton*, 950 F.3d 337, 347 (6th Cir. 2020), the court remanded a case with one remaining unexhausted claim for the district court to determine whether to stay the petition.

Accordingly, the Court determines that the stay-and-abey procedure is available in a case such as this where a habeas petition contains only unexhausted claims. Further, because the record shows good reasons for Petitioner's failure to exhaust, the potential merit of the claims at issue, and no reason to believe Petitioner engaged in dilatory or otherwise abusive litigation tactics, the Court will stay these proceedings and hold them in abeyance pending exhaustion of Petitioner's State-court remedies. In doing so, the Court recognizes that this procedure will not be appropriate in every case where a petition presents only unexhausted claims. Indeed, only limited circumstances warrant this approach in any case. *Rhines*, 544 U.S. at 277. In the Court's view, a colorable claim of actual innocence (even if that claim ends up having no merit) places this case squarely within one of the limited circumstances in which staying and holding in abeyance wholly unexhausted claims is appropriate

6

and consistent with the AEDPA's purposes.  And the rarity of colorable claims of actual innocence does not threaten to create an exception that might swallow the rule.

### III.

As for Petitioner's claim of actual innocence, Respondent argues that the claim is not cognizable in habeas.  Because the Court stays the petition and holds it in abeyance, the Court need not consider that argument at this time, facially or as applied on the particular facts and circumstances presented.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS** Petitioner's motion to stay and abey and **STAYS** this matter and **HOLDS** it **IN ABEYANCE** pending exhaustion of the claims asserted in the petition in the State courts.  Within thirty (30) days of exhausting his claims in State court, Petitioner shall advise the Court. Further, the Court requests a status report from Petitioner no later than September 15, 2023 updating the Court on the status of efforts to exhaust these claims in State court.

**SO ORDERED.**

Dated:  February 16, 2023

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

7